Waite v. Ballou.

---

RUFUS B. WAITE v. GEORGE W. BALLOU.

USURIOUS INTEREST; *Injunction to Prevent Collection.* Where a person in borrowing money agrees to pay usurious interest, and thereafter he pays the principal of the loan with legal interest, and does and pays all that either law or equity would require that he should do or pay, equity will interfere, upon a proper application, to prevent the collection of the usurious interest.

*Error from Cowley District Court.*

INJUNCTION, brought by *Ballou*, as plaintiff. The district judge, on the 6th of July 1876, at chambers, granted a temporary injunction, restraining defendant *Waite* from proceed-

39—19 KAS.

ing to enforce certain mortgages. From such order *Waite* appeals, and brings the case here on error.

*Pryor, Kager & Pryor,* for plaintiff in error.

*Hackney & McDonald,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought to set aside and cancel two certain promissory notes and certain mortgages made to secure the same. These notes and mortgages were all made by Ballou, and given to Waite, defendant. Ballou, as plaintiff, asked for and obtained a temporary injunction, or perhaps more properly speaking, two temporary injunctions, restraining the defendant in the meantime from selling or disposing of said notes, and from selling or disposing of or interfering with the mortgaged property. These injunctions were granted originally by the judge of the probate court—the first one upon the original petition filed in the case, and the second one upon an amended petition. Afterward the defendant moved to dissolve these injunctions, and the motion was heard before the judge of the district court, at chambers. The motion was heard upon the original petition, the amended petition, and such affidavits as were presented by the parties respectively. The plaintiff's claim, which he attempted to show by said petitions and affidavits, was, that said promissory notes were given wholly for usurious interest, and that there was no other or different consideration therefor. He claims that the defendant loaned him money, that he gave certain other promissory notes for the principal of the loan, with legal interest, and that he gave these notes in suit merely for the usurious interest agreed to be given on such loan. He also claims that before commencing this action he paid all the principal of said loan, with legal interest thereon, and that he fully paid, satisfied, and discharged all notes and other instruments given on said loan, except merely these two notes with the mortgages made to secure them, which two notes and mortgages were given

wholly for usurious interest. The judge below decided the said motion of the defendant upon the theory that these claims of the plaintiff were all true; and, as the evidence given on the hearing of the motion seems to sustain these claims, we must decide the question upon the same theory. The following is the decision and order of the judge below on the hearing of this motion, to-wit:

(*Court, and Title.*) "The court, after mature deliberation, is of the opinion that the said defendant ought not to be permitted to dispose of or interfere with the property mentioned in the amended petition of the plaintiff in the above action until the same can be legally investigated. It is therefore considered, ordered, and adjudged by the court, that the said defendant be and he is hereby ordered to refrain from taking, selling, molesting, or in any manner whatever interfering with the property mentioned in the amended petition filed in the above cause, or any part thereof, and that this order stand until the further order of this court."

At the time this order was made the defendant was advertising to sell the personal property under the chattel mortgage, and had commenced an action to foreclose the real-estate mortgage. This order was probably intended by the judge of the district court to take the place of and supersede the orders made by the judge of the probate court. Hence it will only be necessary for us to determine whether this order is correct, or not. We think it is correct. Unquestionably it is correct so far as it restrains the sale of the personal property; for what other adequate remedy would the plaintiff have? But we think it is correct in every other particular. Equity always interfered to prevent the collection of usurious interest where the plaintiff himself had previously done equity. (2 Joyce on Injunctions, 1205, et seq.; Hilliard on Injunctions, 333; High on Injunctions, §§ 703 to 705.) In this case the plaintiff did full equity before commencing this action. He did everything and paid everything that the defendant had any right to claim, either in law or equity, that he should do or pay.

The order of the judge of the court below will be affirmed.

All the Justices concurring.